NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3947
_____

UNITED STATES OF AMERICA

v.

FRANKLIN C. BROWN,

Appellant

_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-02-cr-00146-002)
District Judge:  Honorable Sylvia H. Rambo
_____

Argued May 23, 2010
_____

Before:  MCKEE, Chief Judge, SCIRICA and AMBRO, Circuit Judges

(Opinion filed: May 25, 2011)

Ray M. Shepard, Esquire (Argued)
Duane Morris LLP
111 South Calvert Street, Suite 2000
Baltimore, MD   21202

        Counsel for Appellant

Peter J. Smith
    United States Attorney
Kim Douglas Daniel (Argued)

Assistant United States Attorney
Unites States Attorney's Office
Middle District of Pennsylvania
228 Walnut Street, Suite 220
Harrisburg, PA   17108

Theodore B. Smith, III, Esquire
Executive Office of the United States Attorney
Evaluation & Review Staff
600 E Street, N.W., Suite 8500
Bicentennial Building
Washington, DC   20530

_____

OPINION
_____

AMBRO, <u>Circuit Judge</u>

Franklin Brown, now 83 years old, was charged in connection with accounting

irregularities at Rite Aid Corporation, where he was general counsel.  In 2003, a jury

convicted him of conspiracy to commit accounting fraud, filing false statements with the

SEC, conspiracy to obstruct justice, obstruction of government agency proceedings, and

witness tampering.  He was sentenced to ten years' imprisonment, two years' supervised

release, $20,000 in fines, and a $1,000 special assessment.  In 2010, we affirmed Brown's

conviction but remanded his sentence in light of *United States v. Booker*, 543 U.S. 220

(2005), which was decided after Brown's sentencing hearing.  *See United States v.

Brown*, 595 F.3d 498 (3d Cir. 2010).  Brown now appeals his new sentence of 90 months'

imprisonment.  Because we believe that sentence to be procedurally unreasonable, we

vacate it and remand for a third sentencing hearing.

2

## I. Background

The parties are familiar with the facts of Brown's crimes and convictions, and we do not repeat them here. *See Brown*, 595 F.3d at 502-23. At this juncture, our focus is the procedure of his resentencing hearing.

Our prior decision vacated Brown's sentence and remanded the case for resentencing in light of the Supreme Court's opinion in *Booker* and the three-step sentencing procedure that we have subsequently required, *see United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006)—that a district court must (1) calculate the applicable federal Sentencing Guidelines range, (2) rule formally on motions for departure, and (3) set the sentence after considering all relevant factors set out in 18 U.S.C. § 3553(a). *Brown*, 595 F.3d at 526. We were concerned by the District Court's "fail[ure] to explain, in the manner now required, how it considered the factors listed in section 3553(a) in imposing Brown's sentence." *Id.* at 527. Thus, at resentencing the District Court was to consider the § 3553(a) factors as applied to Brown's case, as well as two other issues Brown had preserved on appeal but not addressed by our Court—a challenge to the loss calculation[1] and a motion for a downward departure based on his age and medical conditions.

The resentencing hearing began with arguments for and against Brown's motion for a downward departure from the Sentencing Guidelines calculation. The bulk of those

---

[1] That issue appears to have now been resolved by a stipulation prior to the resentencing.

arguments and hearing evidence concerned Brown's age and medical conditions, as well as the adequacy of the treatment available to him since his incarceration in 2005.

Brown elicited extensive testimony from Dr. Robert Aronoff, his treating cardiologist. Dr. Aronoff discussed the numerous cardiac problems from which Brown suffers, the various types of treatments needed to treat those problems, and the relevant standards of care for each treatment program. Dr. Aronoff gave several examples where, in his view, the prison care fell short of those standards (or of what he would have provided), including: lack of close care by a cardiologist; too infrequent "interrogations" of Brown's pacemaker; too infrequent echocardiograms; too infrequent testing in connection with Brown's Coumadin treatment; and periods of untreated atrial fibrillation. Though Brown apparently was not having heart failure at the time of the resentencing hearing, Dr. Aronoff testified regarding the level of care Brown received since his incarceration, stating that, in his opinion, "[t]here are several areas of concern or observation [in a prison setting] that deviate from a treatment that an individual would get in the community. And I think they may fall under the pattern of perhaps restriction of access to [specialized] care . . . ." J.A. 188.

Next, Dr. Richard Ramirez, the regional medical director for the mid-Atlantic region of the Bureau of Prisons, testified for the Government about the medical facilities at FMC Butner, North Carolina, where Brown was confined. Among other things, he explained Brown's access to a consulting cardiologist, proximity to a clinic for Coumadin treatment, and ability to communicate with Dr. Aronoff. With respect to the treatments Dr. Aronoff recommended, Dr. Ramirez testified that Brown would have no problem

4

getting the medical treatment and evaluations that he needs in the next year or two (the remainder of his sentence[2]).

Brown's counsel highlighted the various conditions that had developed after Brown's incarceration, and how those conditions had not been cared for properly. Counsel explained that, under U.S.S.G §§ 5H1.1 and 5H1.4, when the costs of medical care are extraordinary, it might be appropriate for a court to depart from the step one sentence calculation. J.A. 301. To that Brown added his concerns regarding his ability to access care quickly. J.A. 304. The Government urged that Brown's case and conditions were not exceptional and could be adequately treated in prison. For that reason, it asked the Court to deny the departure motion. J.A. 314-15.

Immediately after a brief recess, with nothing more from the parties, the Court imposed its sentence. It stated that it had considered the § 3553(a) factors and imposed a 90-month term of imprisonment, which reflected an 18-month variance from the low end of the 108-135 month Sentencing Guidelines range. As its reasons, the Court stated that it "adopt[ed] the pre-sentence investigation report without change," and that it decided to vary from the Guidelines range because of Brown's age and medical conditions. However, it believed that 90 months' imprisonment was appropriate because the prison could adequately meet Brown's medical needs and because the sentence, six months longer than Rite Aid CEO Martin Grass's, served the Government's interest in avoiding sentencing disparity. J.A. 317-18.

---

[2] Brown's projected release date is January 2012.

On appeal,[3] Brown argues that the District Court committed procedural error by failing (1) to rule formally on his departure motion, (2) to allow counsel an opportunity to argue the § 3553(a) factors to the Court, (3) to give those factors meaningful consideration, and (4) to consider all of his non-frivolous arguments. He contends further that his sentence is substantively unreasonable as a result of these multiple procedural errors.[4]

## II. Discussion

### A. The District Court Failed To Rule Formally on the Departure Motion

Though the parties presented extensive testimony, documentary evidence, and oral arguments regarding the merits of granting Brown's downward departure, the Court did not, so far as we can tell, rule on it and give reasons for doing so. This is counter to the second step in *Gunter*. The Government argues that the Court effectively denied the departure motion when it said it was adopting the presentence report "without change." Even if that were the Court's intention (and we knew that), there is no reasoning.

Likewise, the Court's analysis in connection with its downward variance at step three is not an adequate substitute for an analysis and statement of reasons regarding a departure motion. "[W]e require that the entirety of the Guidelines calculation be done

---

[3] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[4] The parties also ask us to decide whether our resentencing mandate in *Brown* was "limited" to consideration of the § 3553(a) factors or whether we intended (or, at least believed permissible) for the sentencing to proceed *de novo*. We recognize that there is a split of authority on this question, *see United States v. Miller*, 594 F.3d 172, 179-181 (3d Cir. 2010) (discussing cases), but we need not decide that question now because we vacate and remand explicitly for *de novo* resentencing.

6

correctly, including rulings on Guidelines departures." *United States v. Lofink*, 564 F.3d 232, 239 (3d Cir. 2009). If we "assume" that departure rulings are "implicit" in other parts of the District Court's explanation of its sentencing, "we are left to guess how the Court arrived at its [final] sentence." *Id.* at 241.

## B. The District Court Did Not Consider All Relevant § 3553(a) Factors

A sentencing court must "giv[e] both parties an opportunity to argue for whatever sentence they deem appropriate," and then "consider all of the [relevant] § 3553(a) factors to determine whether they support the sentence requested by a party." *United States v. Wise*, 515 F.3d 207, 216 (3d Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38 (2007)). Meaningful consideration of those statutory factors is thus required to render a procedurally sound sentence. *See United States v. Olhovsky*, 562 F.3d 530, 547 (3d Cir. 2009) (concluding that there is procedural error at *Gunter*'s step three if "the record strongly suggests that some of the statutorily prescribed sentencing factors were ignored, [and] we can not conclude that the resulting sentence was reasonable"); *see also United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (*en banc*) (noting that a sentencing court need not discuss and make findings on each § 3553(a) factor, but if it does not the record must make clear it took the relevant factors into account). Here, there were factors we believe relevant but not addressed.

At Brown's resentencing hearing, the Court considered the need to avoid sentencing disparity with Brown's co-defendant, Grass, under § 3553(a)(6). It believed it was appropriate to give Brown a sentence six months longer than Grass because he, unlike Brown, pled guilty and accepted responsibility. It commented on Brown's age and

7

medical conditions, noting that a variance was warranted for those reasons, but, because the Federal Bureau of Prisons could meet Brown's medical needs for the "reasonably foreseeable future," the 90-month term was appropriate. J.A. 317-18.

Not considered were: (1) whether the sentence imposed was greater than necessary (the so-called parsimony provision), § 3553(a); (2) the "kinds of sentences available" (and why prison was chosen over, for example, home confinement), § 3553(a)(3); and (3) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant" (taking into account Brown's advanced age), § 3553(a)(2)(C). Also, though Brown's age and medical condition were not ignored by the Court, given the abundance of testimony on these issues the District Court did not sufficiently explain why it believed that FMC Butner could provide the care that Brown's treating cardiologist testified he needed but that the prison appears not to be able to deliver. We thus remain unclear as to how the sentence imposed will provide "medical care . . . in the most effective manner" under § 3553(a)(2)(D). As these matters at step three were relevant, and not addressed, this too is a procedural infirmity that calls for resentencing.

Moreover, even in discussing the need to avoid a sentencing disparity between Grass and Brown, the Court did not appear to take into account that Grass, now in his mid-50's and purportedly in good health, still has a sentence six months short of Brown's revised 90-month sentence even though Brown is in his 80's and not in good health. Finally, there was no opportunity given at the resentencing hearing for the parties to discuss the § 3553(a) factors. While we need not address whether this failure alone

would be a ground for remand, it does support Brown's contention that the Court did not

get all the information it needed to consider adequately all of the relevant statutory

factors.

\*   \*   \*   \*   \*

Because of these procedural problems, we vacate the District Court's sentence and

remand for *de novo* resentencing.[5]  We also are entering, commensurate with this opinion

and its judgment, an order granting Brown's motion for bail pending resentencing.  Any

further appeals of this case shall come to this panel.

---

[5] As we remand for reasons of procedural unreasonableness, we shall not address Brown's challenge to the substantive reasonableness of the sentence or his remaining claims.  *See United States v. Negroni*, Nos. 10-1050, 10-1487, 2011 WL 1125854, at \*5 (3d Cir. 2011) (citing *United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010)).